FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 1:38 pm, Dec 16, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRAIG L. JONES, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-13 |
| v. | |
| ATTORNEY GENERAL CHRISTOPHER M. CARR, | |
| Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, petitioning for a writ of mandamus against Christopher M. Carr, the Attorney General of Georgia. Doc. 2. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is currently incarcerated at Ware State Prison. In his Complaint, Plaintiff seeks a writ of mandamus, requiring Defendant Carr, the Attorney General of Georgia, to respond to Plaintiff's state court suit. Doc. 2. Plaintiff alleges he filed a suit in Ware County Superior

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 2. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Court against Defendant Carr in his official capacity, complaining that Defendant Carr acted illegally and unconstitutionally when convicting him. Id. at 6–7. Further, Plaintiff states Defendant Carr failed to respond, entitling Plaintiff to a default judgment against Defendant Carr. Id. at 8. Plaintiff also attached copies of his state court complaint, motion for default judgment, and other documents related to his state court suit. Id., Ex. A.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Claim for Writ of Mandamus**

Plaintiff complains of Defendant Carr's failure to respond to the lawsuit filed in Ware County Superior Court.  Doc. 2 at 6.  He further complains of the Superior Court's refusal to enforce a default judgment against Defendant Carr.  Id. at 11.  Plaintiff does not name the Superior Court as a party.  Ultimately, Plaintiff asks for a writ of mandamus, compelling Carr to answer or enforce the default judgment against himself.  Id. at 5–6.

To the extent Plaintiff wishes for this Court to compel Defendant Carr to respond to his state court suit or otherwise act pursuant to his official duties, this Court cannot do so.  "Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties."  Lawrence v. Miami-Dade Cnty. State Att'y Off., 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); Moye v. Clerk, DeKalb Cnty. Superior Ct., 474 F.2d 1275, 1276 (5th Cir. 1973).  Therefore, federal district courts have repeatedly held they lack jurisdiction to issue a writ of mandamus as to state officials.  See, e.g., Thomas v. Lawson, No. 5:17-cv-8, 2017 WL 2961549 (S.D. Ga. July 11, 2017) (dismissing a complaint that sought a writ of mandamus against various state officials); Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties.").  Here, Defendant Carr is the State Attorney General of Georgia, a state official, and Plaintiff

seeks to compel Defendant Carr to act in that capacity.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

5

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA